**RAPP LAW FIRM, LLC**
4700 Belleview Ave., Suite 200
Kansas City, Missouri 64112
(816) 633-3463  ·  mr@rapplawfirm.com

August 6, 2026

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen U.S. Courthouse
219 S. Dearborn Street, Room 2722
Chicago, Illinois 60604

**Re:   *Dulworth v. Experian Information Solutions, Inc.*, No. 24-2066 (argued February 27, 2025)**

**Citation of supplemental authority under Fed. R. App. P. 28(j)**

Dear Clerk of Court:

Plaintiffs-Appellants cite *Sykes v. Experian Information Solutions, Inc.*, No. 25-2279, 2026 U.S. App. LEXIS 22849 (7th Cir. July 30, 2026), decided after argument in this appeal.

*Sykes* affirmed a Rule 12(b)(6) dismissal of a § 1681e(b) claim because the alleged inaccuracy—whether a mortgage survived a Chapter 13 discharge—could not be resolved "by reference to facts alone." *Id.* at *11. The Chapter 13 discharge order was "silent as to the mortgage account." *Id.* at *9.

*Sykes* confirms the framework the Dulworths advanced. Br. 43–49. The Court reaffirmed that "CRAs must report facts that are ascertainable from available records (including legal documents)," *id.* at *8, and that under *Chaitoff* the existence of a court-filed agreement "is a factual, not legal, question." *Id.* This record contains what *Sykes* lacked: a Reaffirmation Agreement filed on the bankruptcy docket and years of post-discharge payments that Ally accepted. Payment history is factual. *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 569 (7th Cir. 2021). The CRAs omitted both, rendering their reports materially misleading. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 813–15 (7th Cir. 2023).

The Dulworths' Chapter 7 discharge, by contrast, was governed by the CRAs' own automated *White v. Experian* scrub procedures, which apply Chapter 7 discharge orders to tradelines wholesale, and the industry's Credit Reporting Resource Guide supplies a code for reaffirmed accounts. Br. 23, 58. The CRAs' own systems treat discharge and reaffirmation as data, not legal judgment.

*Sykes* expressly preserved claims where "the meaning of a legal document is so commonplace or unambiguous that a CRA that overlooks or ignores that meaning may be held liable," and where "an inconsistency on a credit report is apparent from readily ascertainable information." *Id.* at *11. This is that case: a § 524(c) reaffirmation agreement is a standard, single-purpose court filing, and the

inconsistency—a live, paid-current loan reported as discharged with no payment history—was apparent from the docket and payment record.

Finally, *Sykes* addressed only § 1681e(b) at the pleading stage. It says nothing about § 1681i's reinvestigation duty, which the Dulworths' disputes—enclosing the court-filed Reaffirmation Agreement—triggered. Br. 43–56.

The body of this letter contains 347 words.

Respectfully submitted,

*/s/ Michael H. Rapp*
Michael H. Rapp

*/s/ David Chami*
David Chami


Counsel for Plaintiffs-Appellants

cc:      All counsel of record (via CM/ECF)