

Andrew Kim
+1 202 346 4165
AndrewKim@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, N.W.
Washington, D.C. 20036

goodwinlaw.com
+1 202 346 4000

August 14, 2026

Christopher G. Conway, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

Re:     *Dulworth v. Experian Information Solutions, Inc.*, No. 24-2066

Dear Mr. Conway:

I write to respond to the Dulworths' letter regarding this Court's decision in *Sykes v. Experian Information Solutions, Inc.*, No. 25-2279 (July 30, 2026) ("Op."). *Sykes* does not help the Dulworths. Rather, it confirms that Experian had no obligation to determine the validity of the reaffirmation agreement, and that the Dulworths would lack a plausible FCRA claim even if they could somehow muster standing.

*Sykes* holds that "[t]he FCRA does not require CRAs to make legal determinations to confirm the accuracy of the information they include in consumer credit reports." Op. 9. Thus, "the FCRA does not require CRAs to resolve legal disputes, interpret contracts or statutes, or determine the validity or enforceability of debts." Op. 7. Yet the Dulworths would require exactly that—they would put Experian in the "uncomfortable position" of determining the validity of the reaffirmation agreement, when the bankruptcy court itself made no such determination. Experian Br. 46. *Sykes* confirms the FCRA does not impose any such requirement.

The Dulworths assert *Sykes* "expressly preserve[s]" their claims because they involve "the meaning of a legal document [that] is so commonplace or unambiguous that a CRA that overlooks or ignores that meaning may be held liable," and an "inconsistency on a credit report [that] is apparent from readily ascertainable information." Neither assertion is true. The validity of the reaffirmation agreement is not "readily ascertainable" on its face, nor its "meaning." Experian Br. 13-15. Likewise, reaffirmation agreements are not "commonplace" or unambiguous—they are "closely scrutinized form[s] of contract" and are in a "different league from" contracts relying on "well-trodden contractual standards." Experian Br. 43-46.



Christopher G. Conway
August 14, 2026
Page 2


As for the Dulworths' post-discharge payments, *Sykes* does not disturb the "consensus that a credit report which indicates a discharge in bankruptcy, without mention of subsequent payments, is accurate as there is no legal requirement for a report to reflect such payments."  Experian Br. 49 (citation omitted).  The omission of the Dulworths' voluntary payments remains immaterial under the FCRA.

Respectfully submitted,

/s/ Andrew Kim
Andrew Kim

cc:  Counsel of Record (via CM/ECF)



Christopher G. Conway
August 14, 2026
Page 3

## CERTIFICATE OF SERVICE

I, Andrew Kim, hereby certify that on August 14, 2026, I transmitted the foregoing Rule 28(j) Letter of Supplemental Authority to the Clerk of the United States Court of Appeals for the Seventh Circuit through the Court's CM/ECF filing system, and additionally filed the original and ten copies of the letter via FedEx Overnight Shipping, pursuant to Seventh Circuit Rule 28(e).

I certify that, pursuant to Fed. R. App. P. 25(d), I served all counsel, who are filing users, through the CM/ECF system.

*/s/ Andrew Kim*